**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PARAMOUNT TAX & ACCOUNTING CPAS, PC and PARAMOUNT TAX & ACCOUNTING CPAS, PLLC,** | |
| Plaintiffs, | Civil Action No. 1:24-CV-1014 |
| v. | TRIAL BY JURY DEMANDED |
| **PARAMOUNT TAX AND ACCOUNTING, LLC** | |
| Defendant. | |

**<u>PLAINTIFFS' SECOND MOTION TO EXTEND DISCOVERY DEADLINE</u>**

Plaintiffs Paramount Tax & Accounting CPAs, PC ("Paramount PC") and Paramount Tax & Accounting CPAs, PLLC ("Paramount PLLC") collectively referred to herein as "Paramount," hereby move this honorable Court for a second extension of the discovery deadline by 60 days.

This additional time will give Plaintiffs an opportunity to resolve multiple disputes involving defendants' deficient discovery responses, to potentially schedule depositions that rely on Defendant's still-unproduced discovery, and to address potential settlement.

In support thereof, Plaintiffs' respectfully submit the following:

## BACKGROUND

1. This case involves claims of infringement of Plaintiffs' registered trademarks by Defendant. Key evidence in this trademark infringement case relates to the business locations used by Defendant, the client base of Defendant, the volume of business conducted by Defendant, the advertising methods employed by Defendant and incidents of actual confusion arising from Defendant's use of confusingly similar marks.

2. As set forth in Plaintiffs' first Motion to Extend Discovery ("First Motion," Dkt. # 35), Plaintiffs have been diligent in seeking discovery in this case, and have served multiple rounds of written discovery on Defendant, including two sets of interrogatories, two sets of requests for production and one set of requests for admission (First Motion, pp. 2-3, 8).

3. As also set forth in Plaintiff's First Motion, Defendant has refused to comply with its obligations under the Federal Rules of Civil Procedure, the Local Rules of this District and the Court's Standing Order for this case. (First Motion, pp. 3-7)

4. On December 12, 2025, the Court granted a 60-day extension of discovery ("Court's Extension," Dkt. #38), in order to provide additional time for

Defendant to comply with its discovery obligations and for additional discovery effort by Plaintiffs.

5. In the wake of the Court's Extension, Plaintiffs have undertaken additional efforts to persuade Defendant to comply with its discovery obligations and have sought testimony from third-party witnesses.

6. On January 9th, 2026, counsel for Plaintiffs and counsel for Defendant held a Meet and Confer regarding the ongoing discovery issues between the parties. During that Meet and Confer, counsel for Plaintiff revisited the issues with Defendant's responses to Plaintiff's first round of discovery requests and advised counsel for Defendant as to the many deficiencies in Defendant's responses to Plaintiffs' second round of discovery requests.

7. The deficiencies identified by Plaintiff included, but were not limited to, Defendant's presentation of improper written objections, waiver of Defendant's objections and the general lack of response to the discovery requests as presented.

8. In the wake of the discussion, counsel for Defendant expressly agreed to correct and supplement Defendant's discovery responses by no later than January 16th, 2026.

9. Despite the commitment made by Defendant's counsel during the January 9th Meet and Confer, Defendant provided no correction or supplementation of any of Defendant's discovery responses by January 16th, 2026.

10. On January 16th, 2026, counsel for Plaintiff wrote to counsel for Defendant to remind counsel regarding the agreed deadline for correction and supplementation of Defendant's discovery responses.

11. In an email message in response on the same date, Defendant advised Plaintiffs that the Defendant had been addressing a family medical situation, but "intended to conduct a search for additional documents over the weekend."

12. To date, Defendant has not provided any correction or supplement to any of Defendant's discovery responses, produced any additional documents to Plaintiff, or advised as to the results of Defendant's promised search for additional documents.

13. On January 21, 2026, pursuant to the Court's Standing Order in this case ("Standing Order," Dkt. #3), Plaintiffs contacted Ms. Lisa Enix to advise that the parties were unable to resolve their discovery disputes with Defendant by mutual agreement and to request a discovery conference with the Court.

14. Pursuant to Section II(G)(3) of the Court's Standing Order, Plaintiffs attached a one-page summary of the pending disputes between the parties.

15. On January 29, 2026, Ms. Lisa Enix provided the parties with proposed dates for the discovery conference.

16. After receipt of the parties' responses, Ms. Enix notified the parties on January 30, 2026 that the discovery conference was scheduled to take place on Wednesday, February 11th at 2:00 pm.

17. On February 10, 2026, Ms. Enix advised counsel for the parties that the discovery conference would be rescheduled to a later date to be determined.

18. In addition to its ongoing efforts to secure discovery from Defendants, Plaintiff has proceeded to seek relevant evidence from key third party witnesses, including Tracy Gordineer and Greg Boomershine.

19. To that end, Plaintiffs have subpoenaed the testimony of Ms. Gordineer and Mr. Boomershine, and are in the process of scheduling the two depositions at mutually-available times.

## ARGUMENT AND AUTHORITIES

### **Legal Standards**

Under Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified "only for good cause and with the judge's consent." The Eleventh Circuit has clarified that "good cause" exists when the moving party demonstrates diligence in attempting to comply with the scheduling order but has been unable to complete discovery despite those efforts. *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Further, Local Rule 26.2 provides that "the Court may, in its discretion, shorten or lengthen the time for discovery." Local Rule 26.2(B). Motions requesting extensions of time to complete discovery "must be made prior to the expiration of the existing discovery period." *Id*. Such motions 'will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed." *Id*.

**Plaintiffs have been Diligent in Conducting Discovery**

In the present case, Plaintiffs' have shown diligence in conducting discovery. As set forth in detail in Plaintiff's First Motion, Plaintiff served multiple rounds of written discovery on Defendant and conducted multiple depositions during the original discovery period. Unfortunately, Defendant has failed to produce responsive documents or complete interrogatory answers, despite multiple rounds of follow-up effort by Plaintiffs.

The reasons necessitating the original extension of discovery have not changed. Defendant continues to stonewall the discovery process, and despite making commitments to Plaintiffs as to supplementation and correction, no such supplementation or correction has been produced.

Plaintiff has formally notified the Court as to the ongoing disputes and reasonably believes that additional discovery efforts and the assistance of the Court will be necessary in order for Plaintiffs to secure the evidence and information relevant to the claims and defenses of the parties. As noted above, Plaintiffs have initiated the process to secure the intervention of the Court.

**The Present Motion is Timely**

The present Motion is being filed prior to the close of the current discovery period. Accordingly, this Motion is being timely filed. The Court has not yet set a date for trial or any pre-trial proceedings. Accordingly, no subsequent deadlines would be affected by the requested extension.

**This Case Involves Exceptional Circumstances Warranting an Extension of the Discovery Period by Sixty Days**

Local Rule 26.2 authorizes an extension of the discovery period "in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed." Local Rule 26.2(B). At the time the parties submitted the Joint Preliminary Report and Discovery Plan in this case, Plaintiffs had not submitted any discovery request to Defendant, and Defendant obviously had not yet failed to comply with its discovery obligations. Moreover, Plaintiffs could not have

anticipated at the time that Defendant would so seriously fail to comply with its clear discovery obligations under the Federal Rules of Civil Procedure.

**Defendant will Not be Prejudiced by an Extension of Discovery**

Defendant will not be prejudiced in any meaningful manner by the requested extension. The only impact to Defendant is that it will find it necessary to fully and appropriately respond to Plaintiffs' discovery requests, resolve the many inconsistencies in its prior answers and produce directly relevant evidence. Requiring compliance with discovery obligations is not a form of "prejudice" justifying a denial of discovery.

**Conclusion**

For all of the reasons set forth above, Plaintiffs hereby respectfully move this honorable Court for an order moving the end of discovery back 60 days from the date of the Court's order on this Motion.

Respectfully submitted this 10th day of February, 2026.

Zahra S. Karinshak
Karinshak@khlawfirm.com
Georgia Bar No. 407911

**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591

**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 469-363-5808

Steven E. Ross
*Admitted Pro Hac Vice*
sross@maxuslegal.com
Texas Bar No. 17305500

**MAXUS LEGAL PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(972) 661-9400
(972) 661-9401 (facsimile)

**ATTORNEYS FOR PARAMOUNT TAX & ACCOUNTING CPAS, PC**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d), I hereby certify that the within and foregoing Plaintiff's Motion to Extend Discovery has been prepared in compliance with Local Rule 5.1(b) in Times New Roman, 14-point font.

Date: February 10, 2026

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically submitted the foregoing Motion to Extend Discovery to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to all counsel of record.

Date: February 10, 2026

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiffs has conferred with counsel for Defendant in regard to the relief requested by the present Motion. Counsel for the parties did not reach agreement as to the requested extension.

Date: February 10, 2026

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591