**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PARAMOUNT TAX & ACCOUNTING CPAS, PC and PARAMOUNT TAX & ACCOUNTING CPAS, PLLC, | |
| *Plaintiffs*, | Civil Action No. 1:24-CV-1014-MHC |
| v. | |
| PARAMOUNT TAX AND ACCOUNTING, LLC, | TRIAL BY JURY DEMANDED |
| *Defendant*. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON TRADEMARK INFRINGEMENT**

Plaintiffs Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC (collectively "Paramount") respectfully submit this reply in support of their Motion for Partial Summary Judgment on Trademark Infringement ("Motion") filed May 28, 2026 (Dkt. #50).

## I. Defendant Has Expressly or Impliedly Admitted All of the Principal Allegations Set Forth in Plaintiffs' Statement of Undisputed Material Facts.

In support of their Motion, Plaintiffs filed a Statement of Undisputed Material Facts (Dkt. #51) comprising 45 statements of fact believed by Plaintiffs to be undisputed. Defendant's Response filed June 15, 2026 (Dkt. #54) has admitted

at least 34 of Plaintiffs' statements of fact with no specific objection. The remainder are deemed admitted under the Local Rules.

Pursuant to Local Rule 56.1(B)(2)(a)(2), each of the movant's facts is deemed admitted unless the respondent:

(i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number);

(ii) states a valid objection to the admissibility of the movant's fact; or

(iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

Of the responses not expressly admitted by Defendant without objection or qualification, the remainder are deemed admitted by the lack of any substantive denial by Defendant, as set forth below.

**FACTS EXPRESSLY ADMITTED OR DEEMED ADMITTED BY DEFENDANT:**

1. Plaintiff Paramount Tax & Accounting CPAs, PC ("Paramount PC") is a professional corporation organized under the laws of Utah, formed on December 9, 2008.[1]

2. Plaintiff Paramount Tax & Accounting CPAs, PLLC ("Paramount PLLC") is a professional limited liability company organized under the laws of

---

[1] *See* Plaintiffs' Ex. 1, Articles of Incorporation of Paramount Tax & Accounting CPAs, PC, p.1. Defendant objected only to the portion of the original statement of fact directed to continuous operation.

Nevada.[2]

3. Paramount PC is the owner of a portfolio of federal trademark registrations including U.S. Trademark Registration No. 4,941,080 (the "'080 Registration") for the word mark "PARAMOUNT" in connection with tax preparation and accounting services (the "Paramount Mark"), issued April 19, 2016, from an application filed September 7, 2015.[3]

4. On January 24, 2022, the '080 Registration achieved "incontestable" status under 15 U.S.C. § 1065 upon the receipt and acknowledgement of the Registrant's Renewal under Sections 8 and 15 of the Lanham Act.[4]

5. Paramount PLLC is the operating parent of Paramount Franchising LLC, a Utah-based limited liability company and the franchise system entity.[5]

6. Under an intercompany license agreement entered in 2018, Paramount Franchising LLC holds the exclusive right from Paramount PC to sublicense the registered marks to franchisees throughout the United States.[6]

---

[2] *See* Pl. Ex. 2, Corporate Records for Paramount Tax & Accounting CPAs, PLLC, p.1.

[3] *See* Pl. Ex. 4, Certificate of Registration for United States Trademark Registration No. 4,941,080, p.1.

[4] *See* Pl. Ex. 5, Official USPTO Notice of Acceptance/Acknowledgement Under Sections 8 and 15, p. 1.

[5] *See* Pl. Ex. 3, Excerpt from Franchise Disclosure Document for Paramount Franchising LLC, Item 1, page 1.

[6] *See* Pl. Ex. 3, Item 13, pp. 29-31.

7. Each franchisee operates a Paramount Tax & Accounting office under Paramount's marks pursuant to a franchise agreement with Paramount Franchising LLC, providing tax preparation, accounting, and related services from physical office locations in defined exclusive territories.[7]

8. As of 2025, Paramount operated 93 franchise and affiliated locations across the United States.[8]

9. Plaintiffs have a franchisee operating a Paramount Tax & Accounting office at 11175 Cicero Drive, Suite 200, Alpharetta, Georgia 30004.[9]

10. Plaintiffs' Alpharetta, Georgia office is in the same northern metro Atlanta geographic area where Defendant operates.[10]

11. Defendant has acknowledged that Plaintiffs' Georgia franchise is located "minutes away" from Defendant's offices.[11]

---

[7] *See* Pl. Ex. 3, Item 12, pp. 27-29; Item 16, p. 34.

[8] *See* Pl. Ex. 3, Item 20, pp. 44.

[9] *See* Pl. Ex. 22, Printout of "Locations" page from Plaintiffs' Website at PARAMOUNT.TAX, p. 4.

[10] *See* Pl. Ex. 9, Printout of Defendant's Home Page at PARAMOUNTTAX.COM, p. 3.

[11] *See* Pl. Ex. 12, Defendant's Supplemental Production Dated March 12, 2026, at p. 9.

12. Defendant organized Paramount Tax and Accounting, LLC under the laws of Georgia on October 28, 2008.[12]

13. Defendant registered the domain paramounttax.com on November 7, 2008.[13]

14. Defendant has operated under the PARAMOUNT name using the @paramounttax.com email domain for client communications.[14]

15. Defendant has asserted no license, franchise agreement, or other authorization from Plaintiffs to use the PARAMOUNT mark in this action.[15]

16. Defendant's corporate witness admitted under oath that the word "Paramount" in Defendant's business name is identical to the word "Paramount" in Plaintiffs' marks.[16]

17. Defendant's corporate witness admitted that Defendant offers the same type of services as Plaintiffs' franchise offices.[17]

---

[12] *See* Pl. Ex. 6, Certificate of Organization for Paramount Tax and Accounting, LLC, p. 1.

[13] *See* Pl. Ex. 7, WHOIS Domain Record for paramounttax.com, at 458.

[14] *See* Pl. Ex. 16 at 99:4-99:11.

[15] *See* Pl. Ex. 23, Declaration of Kenneth Thomas Emanuelson, ¶ 25. Defendant declines to expressly admit this assertion on the basis of an undated and unsigned "Memorandum of Understanding" ("MOU"). Defendant does not assert that the MOU was any form of license or franchise agreement, or that it was ever agreed to by any party to this action. Accordingly, this is deemed admitted.

[16] *See* Pl. Ex. 10, Excerpt from 30(b)(6) Depo. at 187:13-187:20.

[17] *See* Pl. Ex. 11 at 188:17-188:19.

18. Defendant has operated under the PARAMOUNT name with actual knowledge of Plaintiffs' operations and trademarks since at least 2021.[18]

19. Defendant did not have an attorney or trademark lawyer conduct a trademark search before adopting the PARAMOUNT name for his tax and accounting business.[19]

20. On November 16, 2025, Defendant forwarded a complete federal tax return package transmitted to his @paramounttax.com address, describing the confusion in real time: a franchisee had emailed returns "getting the email address incorrect (@paramounttax.com vs @paramount.tax)".[20]

21. Between 2022 and 2025, multiple third parties directed communications intended for Plaintiffs to Defendant, including individual tax clients, financial professionals, a mortgage lender, a wealth management firm president, an investment advisor, and the South Carolina Department of Employment and Workforce.[21]

---

[18] *See* Pl. Ex. 13 at 134:13-134:17.

[19] *See* Pl. Ex. 14 at 150:3-150:7.

[20] *See* Pl. Ex. 17, Communications Arising Out of Confusion Between the Parties, p. 907.

[21] *See* Pl. Ex. 17, p. 867-910; Ex. 12, p. 10.

22. Timothy Streid, President of Macro Wealth Management, directed a K-1 tax inquiry to Defendant's @paramounttax.com address to "Hi Paul," noting the question "may be for David."[22]

23. At least one business professional's service inquiry reached Defendant instead of Plaintiffs.[23]

24. A business owner simultaneously copied both parties' domains in a single email.[24]

25. Clients and third-party contacts have directed documents and inquiries to Defendant's domain while intending to reach Paramount's Draper, Utah location.[25]

26. Gina Weller, an Enrolled Agent with an established tax practice, declined an opportunity to enter the Paramount franchise system after identifying Defendant's use of the identical PARAMOUNT name in overlapping territory as an unresolvable obstacle.[26]

---

[22] *See* Pl. Ex. 17, pp. 869-870.

[23] *See* Pl. Ex. 17, p. 867.

[24] *See* Pl. Ex. 17, p. 906.

[25] *See* Pl. Ex. 21, Declaration of David Southwick ¶¶ 4-6.

[26] *See* Pl. Ex. 19, Declaration of Steven M. Rowley ¶¶ 3-5. Defendant has declined to expressly admit this statement on the basis that it constitutes "hearsay." Defendant has presented no argument to support this objection. The evidence is not hearsay, as it goes directly to the state of mind of Ms. Weller at the time the

27. Paramount has operated a funded, coordinated national and regional advertising system since 2018, through franchisee marketing fees allocated to brand advertising.[27]

28. Paramount's franchise system grew from 39 outlets at the start of 2022 to 93 outlets at the end of 2024.[28]

29. Plaintiffs' Paramount Mark has achieved recognition sufficient to cause third parties to seek out Paramount's services by domain name.[29]

30. Plaintiff and Defendant use email domains incorporating the PARAMOUNT name that differ only in their top-level extension: Defendant uses @paramounttax.com; Plaintiffs use @paramount.tax.[30]

31. Plaintiff and Defendant offer services of the identical type. Both parties operate in the retail tax and accounting market, serving individual

statement was made. *See* FED. R. EVID. 803(3). Accordingly, this is deemed admitted.

[27] *See* Ex. 3, Item 11, p. 18.

[28] *See* Ex. 3, Item 20, p. 44.

[29] *See* Pl. Ex. 3, Item 11, p. 18. Defendant has declined to expressly admit this statement as "unsound and invalid," but presents no argument whatsoever that the cited evidence fails to support the statement presented. Accordingly, this is deemed admitted.

[30] *See* Pl. Ex. 16 at 99:4-99:11; Ex. 17, pp. 867-910.

taxpayers, business owners, and financial professionals through physical office locations and email-based client communication.[31]

32. Defendant operates at 2100 Westshore Drive, Suite 204, Cumming, Georgia 30041.[32]

33. Defendant has acknowledged geographic overlap with Plaintiffs' franchise territory, and that the parties' locations are "minutes away" from one another.[33]

34. Both parties use email domains incorporating the PARAMOUNT name as a primary client contact channel.[34]

35. Plaintiffs advertise through a coordinated national and regional system funded through franchisee marketing fees, as well as through the paramount.tax website, digital marketing, and franchisee-level direct marketing.[35]

36. Additionally, prior to this litigation, Defendant personally acknowledged to Plaintiffs' representatives that Defendant had received emails

---

[31] *See* Pl. Ex. 8, Printout of Plaintiffs' Home Page at PARAMOUNT.TAX, pp. 1; Ex. 9, pp. 1-4.

[32] See Pl. Ex. 9, p. 3.

[33] *See* Pl. Ex. 12, p. 9.

[34] *See* Pl. Ex. 3, Item 20, p. 44. Defendant has responded, "The defendant admits only that "(b)oth parties use email domains incorporating the PARAMOUNT name." Defendant has presented no objection or denial to the remainder of the statement, which is therefore deemed admitted.

[35] *See* Pl. Ex. 3, Item 6, pp. 6, 9 and Item 11, p. 18.

intended for Plaintiffs' organization and was aware of the resulting marketplace confusion.[36]

37. In a deposition, Defendant's corporate witness admitted he personally redirected "a couple dozen" callers over an indefinite period who contacted his operation intending to reach Plaintiffs.[37]

38. Emails misdirected to Defendant have included emails from individual tax clients transmitting tax documents containing personally-identifiable information.[38]

39. Emails misdirected to Defendant have included emails from third-party financial professionals including a wealth management advisor and a mortgage lender.[39]

40. Emails misdirected to Defendant have included emails from an investment advisor misdirecting communications.[40]

41. Emails misdirected to Defendant have included emails from a government agency misdirecting communications.[41]

---

[36] *See* Pl. Ex. 19, Declaration of Steven M. Rowley, ¶ 2.

[37] *See* Pl. Ex. 15 at 207:3-207:6.

[38] *See* Pl. Ex. 17, pp. 867-910.

[39] *See* Pl. Ex. 17, pp. 872, 877.

[40] *See* Pl. Ex. 17, p. 869.

[41] *See* Pl. Ex. 17, pp. 877-878.

42. Defendant itself has documented and confirmed in writing at least 16 incidents of actual confusion between the parties.[42]

43. Defendant's corporate representative expressly acknowledged the incidents of actual confusion in his own words.[43]

44. On October 17, 2025, Plaintiffs served their Interrogatory No. 19 on Defendant, asking for the following information: "If Defendant contends it has not infringed Plaintiff's rights in or to any of the Asserted Marks, please identify each such mark and state with particularity all legal and factual bases supporting such contention."[44]

45. Defendant's response, which was provided only after being instructed by the Court to respond, failed to address any of the factors courts use to analyze likelihood of confusion.[45]

---

[42] *See* Pl. Ex. 12, p. 10.

[43] *See* Pl. Ex. 15, at 207:3-207:6.

[44] *See* Pl. Ex. 18, Plaintiffs' Second Set of Interrogatories (13-24) to Defendant, p. 11.

[45] *See* Pl. Ex. 12, pp. 4-9. Defendant has objected to this statement as a "statement of legal opinion." It is not. This is an objective factual statement as to the content of Defendant's discovery response. It is therefore deemed admitted owing to a lack of substantive response by Defendant.

## II. Defendant Has Conceded Plaintiffs' Legal Arguments

In their Memorandum of Law in support of their Motion for Partial Summary Judgment of Infringement, Plaintiffs presented the following legal arguments to the Court:

1. Paramount Owns a Valid, Incontestable Trademark Registration.[46]
2. The Paramount Mark is Arbitrary and Commercially Strong.[47]
3. The Word 'PARAMOUNT' is Identical Between the Marks.[48]
4. The Parties Offer the Same Services to the Public.[49]
5. The Parties Operate in Identical Trade Channels Serving the Same Customers.[50]
6. The Parties' Advertising Targets the Same Audience.[51]
7. The Record Supports an Inference of Conscious Disregard of Plaintiffs' Rights.[52]
8. Actual Confusion is Widespread and Admitted by Defendant.[53]

---

[46] *See* Plaintiffs' Memorandum of Law, Dkt. #50-1, p. 11.

[47] *See* Dkt. #50-1, p. 11.

[48] *See* Dkt. #50-1, p. 13.

[49] *See* Dkt. #50-1, p. 14.

[50] *See* Dkt. #50-1, p. 15.

[51] *See* Dkt. #50-1, p. 16.

[52] *See* Dkt. #50-1, p. 16.

[53] *See* Dkt. #50-1, p. 18.

9. Even Sophisticated Parties Have Been Confused.[54]

10. The Factors Weigh Heavily in Plaintiffs' Favor.[55]

Defendant has now had an opportunity to respond to each of these arguments with a factual and legal presentation of its own. Defendant declined to respond to any of the above legal arguments in its Response filed June 15, 2026.[56]

## CONCLUSION

As set forth above, Defendant has expressly admitted most of the factual allegations presented in support of Plaintiffs' Motion for Partial Summary Judgment of Infringement. The remaining factual allegations are properly deemed admitted due to the absence of any substantive response under the Local Rules of this Court.

Plaintiff has not presented any legal arguments in opposition to the legal arguments presented by Plaintiffs in their Memorandum of Law. Accordingly, these points are conceded.

In light of the above, Plaintiffs are entitled to partial summary judgment declaring that Defendant's usage of "Paramount" in connection with the offering of tax and accounting services constitutes trademark infringement.

---

[54] *See* Dkt. #50-1, p. 20.

[55] *See* Dkt. #50-1, p. 22.

[56] *See* Dkt. #54.

Date: June 26, 2026.

Respectfully submitted,

/s/ *Kenneth Thomas Emanuelson*
Kenneth Thomas Emanuelson
Admitted *Pro Hac Vice*
Texas Bar No. 24012591
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
469-363-5808
Ken@Emanuelson.us

/s/ *Zahra S. Karinshak*
Zahra S. Karinshak
Karinshak@khlawfirm.com
Georgia Bar No. 407911
**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, N.W.
Suite 3500, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)

Steven E. Ross
Admitted *Pro Hac Vice*
Texas Bar No. 17305500
**MAXUS LEGAL PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Phone: 972-661-9400
Facsimile: 972-661-9401
sross@maxuslegal.com

**Attorneys for Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel for Plaintiffs hereby certifies that this filing was prepared using Times New Roman 14-point font, a font and point selection approved by the Court in Local Rule 5.1(B).

Date: June 26, 2026.

*/s/ Kenneth Thomas Emanuelson*
Ken@Emanuelson.us
Admitted *Pro Hac Vice*
Texas Bar No. 24012591

**CERTIFICATE OF SERVICE**

I certify that I have on this day electronically caused to be submitted the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON TRADEMARK INFRINGEMENT** using the Court's e-filing system, which will automatically send electronic mail notification of such filing to all counsel of record.

Date: June 26, 2026.

*/s/ Kenneth Thomas Emanuelson*
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591