**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PARAMOUNT TAX & ACCOUNTING CPAS, PLLC, PLAINTIFF** | ) | **CIVIL ACTION NO.: 1:24-CV-1014** |
| **-versus-** | ) | |
| **PARAMOUNT TAX AND ACCOUNTING, LLC, DEFENDANT.** | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED, MOTION FOR SUMMARY JUDGMENT & MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the defendant in the above styled action, **Paramount Tax and Accounting, LLC**, by and through its undersigned attorney, who sets forth its Motion for Summary Judgment and in support thereof, shows as follows:

## I.
## DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

1.

In 2023, the plaintiff drafted a memorandum of understanding ("MOU") as part of its negotiations with the defendant to purchase *"all outstanding membership interests and outstanding stock for PGA, with a special consideration for the local 'Paramount Tax and Accounting' trademark and domain (collectively 'Trademark') owned and in use by PGA.*" (Doc. 54-19 and 54-22). See Exhibit 1.

2.

Page 3 of the MOU notifies the defendant that "*Except for Sections 8 and 9 of this Term Sheet regarding confidentiality and governing law, respectively, this Term Sheet/Memo of Understanding is non-binding and is intended solely as a summary of the principal terms currently proposed by the parties. At any time prior to the execution of a binding definitive agreement, either party may, at any time, propose terms that are different than those discussed in this Term Sheet or unilaterally terminate all further discussions and negotiations regarding the transactions contemplated herein without any liability whatsoever.*" (Doc. 54-19 & 54-22).

## II.
## MOTION FOR SUMMARY JUDGMENT

The defendant moves this Court, pursuant to F.R.Civ.P. Rule 56 and L.R. 56.1, for entry of an order awarding summary judgment in favor of the defendant, on the plaintiffs' claims for trademark infringement, as the plaintiff previously waived any liability on the part of the defendant, whatsoever. The defendant shows herein that the language creating the waiver or release is to be construed against the plaintiffs and includes their claims of trademark infringement allegedly arising out of the defendant's continued operation of its business in GA.

## III.
## ARGUMENT AND CITATION TO AUTHORITY

a.

As previously discussed in the defendant's Motion to Dismiss (Doc. 7) and its response to the plaintiffs' Motions for Summary Judgment (Docs. 47 & 50), the plaintiff filed its lawsuit alleging trademark infringement after the failure of negotiations for the plaintiffs' purchase of the defendant's common law rights and related property. The subject matter of the negotiations and its assurances to the defendant are expressed in the MOU, which was drafted by, and is to be construed against, the plaintiff if there is any ambiguity in its meaning. See Wishengrad v. Mountain Spring Investors LLC, No. 60401 (Nev. Sep 26, 2013) and Williams v. Waldman, 108 Nev. 466, 473, 836 P.2d 614, 619 (1992).

b.

The plaintiff's unqualified assertion in the MOU regarding the existence of "*the local 'Paramount Tax and Accounting' trademark and domain (collectively 'Trademark') owned and in use by PGA"* is an extrajudicial evidentiary admission under Fed. Rule of Evidence 801(d)(2). Although the plaintiffs are controverting their previous acknowledgment of the defendant's rights in this lawsuit, the plaintiff previously waived any claims against the defendant arising out of its operations in GA.

c.

At page 3 of the MOU, the plaintiff provided express notice to the defendant that, "*(a)t any time prior to the execution of a binding definitive agreement, either party may, at any time, propose terms that are different than those discussed in this Term Sheet or unilaterally terminate all further discussions and negotiations regarding the transactions contemplated herein without any liability whatsoever.*" This notice to the defendant was included in a document purportedly expressing the plaintiffs' "*understanding*" of the subject matter described therein, which includes the defendant's "*local 'Paramount Tax and Accounting' trademark and domain."* When the parties' negotiations terminated without reaching a "*binding definitive agreement,*" the defendant had every reason to expect that it was entitled to continue its business operations in GA "*without any liability whatsoever."*

d.

The language used by the plaintiff in the MOU reflects negotiations that were conducted between the parties "at arms length," as opposed to settlement of a disputed claim under coercion, by threatening litigation if no agreement is reached. Instead of a demand to "cease and desist," the MOU states that if no agreement is reached, the defendant will be "*without any liability whatsoever."* Instead of informing the defendant that he is infringing on the plaintiffs' rights in the State of Georgia by operating his business, the plaintiffs' express their understanding that

"*(t)his Term Sheet sets forth the proposed terms and conditions for the acquisition and merger of Paramount Tax and Accounting, LLC, a Georgia Limited Liability Company, and Paramount Investment Advisors, Inc. a Georgia Corporation (collectively "PGA") by Paramount Tax & Accounting CPAs, PLLC, a Nevada Professional Limited Liability Company ("PMT"). Upon acceptance of these terms and conditions, appropriate sale and purchase agreements will be drafted, and a closing will be schedule.*

e.

The defendant's right to rely on the plaintiffs' waiver or release from "*any liability, whatsoever*" is also not conditioned on the parties' execution of the MOU. At page 3, the MOU states that "*(e)xcept for Sections 8 and 9 of this Term Sheet regarding confidentiality and governing law, respectively, this Term Sheet/Memo of Understanding is non-binding and is intended solely as a summary of the principal terms currently proposed by the parties.*" Under GA contract law, "*a party's conduct may bind it to the terms of a contract, even if he does not sign the agreement*. See Glass v. Miller & Martin, PLLC (In re Hutcheson Med. Ctr., Inc.), ADVERSARY PROCEEDING NO. 16-4091-PWB, CASE NO. 14-42863-PWB (Bankr. N.D. Ga. Oct 06, 2017), 22. As drafted by the plaintiff, the MOU is merely summarizing and expressing the parties' positions on issues that were previously discussed, which include the expression of plaintiffs' assent and intention to

absolve the defendant of any liability based on the termination of negotiations for the purchase of its rights and property. The plaintiffs' statement that if negotiations were terminated, the defendant would be "*without any liability, whatsoever*," was included as written notice of that fact.

f.

While the defendant has asserted his common law trademark rights under GA law, based on his continuous and ongoing prior commercial use of the Paramount name and domain, it is not necessary to determine whether such rights exist before entering summary judgment against the plaintiffs on their claims for trademark infringement. Having expressed their understanding as to the existence and value of the defendant's "*local 'Paramount Tax and Accounting' trademark and domain,"* the plaintiffs then notified the defendant that if the parties' negotiations were terminated, the defendant would face no liability, whatsoever.

g.

As the scope and purpose of the parties' negotiations were focused on the plaintiffs' purchase of the defendant's common law trademark rights in the State of Georgia, the plaintiffs' waiver and release cannot reasonably be interpreted to exclude its claims for trademark infringement based on the plaintiffs' denial and disregard of the defendant's "*local 'Paramount Tax and Accounting' trademark and domain."*

## III.
## PRAYER FOR RELIEF

**WHEREFORE**, the defendant requests an award of summary judgment in favor of the defendant on the plaintiffs' claims for trademark infringement.

---

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the within and foregoing **DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED & MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT,** has been prepared in compliance with Local Rule 5.1(B) in Times New Roman, 14-point font.

---

Date: 06/26/2026

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
GA Bar No.: 110382

**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically submitted the foregoing **DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED & MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT,** to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to the following counsel of record:
***Ken Emanuelson, at: ken@emanuelson.us***
***Steven E. Ross, at: sross@maxuslegal.com***
***Zahra S. Karinshak, at: karinshak@khlawfirm.com.***

Date: 06/26/2026

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
GA Bar No.: 110382

**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com