**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PARAMOUNT TAX & ACCOUNTING CPAS, PC and PARAMOUNT TAX & ACCOUNTING CPAS, PLLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>PARAMOUNT TAX AND ACCOUNTING, LLC,<br><br>*Defendant*. | Civil Action No.<br>1:24-CV-1014-MHC<br><br>TRIAL BY JURY DEMANDED |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S PRIOR USE DEFENSE**

Plaintiffs Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC (collectively "Paramount") respectfully submit this reply in support of their motion for partial summary judgment on Defendant's prior use defense.

## I. Defendant's Newly-Produced Evidence Should be Excluded from Consideration Pursuant to Rule 37(c)(1)

Defendants have submitted newly-produced evidence with their Response. The Court should not consider Exhibits 2, 4, and 18 submitted with Defendant's

Response[1] because Defendant failed to previously produce those documents in discovery. During a teleconference hearing held on March 2, 2026, the Court directed the Defendant to produce all responsive documents and to Bates stamp all documents that had been produced by Defendant.[2] Defendant later certified that it had complied with the Court's directive.[3]

Defendant now improperly seeks to rely on three newly-produced exhibits in opposition to Plaintiffs' motions. Defendant failed to previously produce any of these Exhibits and they do not bear Bates numbers. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[4] Accordingly, Defendant's Exhibits 2, 4, and 18 should not be considered and should be given no evidentiary weight by the Court.

---

[1] *See* ECF Dkt. nos. 54-2, 54-4, and 54-18.

[2] *See* Minute Sheet, ECF Dkt. no. 45.

[3] *See* Certification Under LR 26.3, ECF Dkt. no. 46.

[4] FED. R. CIV. P. 37(c)(1); *see also D.H. Pace Company, Inc. v. Aaron Overhead Door Atlanta LLC*, 2021 WL 2819776 at *3 (N.D. Ga. March 1, 2021) (Cohen, J.).

## II. Defendant Has Expressly or Impliedly Admitted Most or All of the Allegations Set Forth in Plaintiffs' Statement of Undisputed Material Facts

In support of their Motion for Partial Summary Judgment on Prior Common Law Use filed May 27, 2026 (Dkt. #47), Plaintiffs filed a Statement of Undisputed Material Facts (Dkt. #48) comprising 54 statements of fact believed by Plaintiffs to be undisputed. Defendant's Response filed June 15, 2026 (Dkt. #54) has expressly admitted at least 32 of Plaintiffs' statements of fact with no objection.[5] Most of the statements not expressly admitted are deemed admitted by the absence of any effective denial.[6]

Pursuant to Local Rule 56.1(B)(2)(a)(2), each of the movant's facts is deemed admitted unless the respondent:

(i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number);

(ii) states a valid objection to the admissibility of the movant's fact; or

(iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

---

[5] The statements expressly admitted by Defendant or not denied are statements 1, 5, 6, 7, 8, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 40, 41, 44, 45, 47, 50, 51, 52, 53 and 54.

[6] The statements implicitly admitted or deemed admitted for failure to comply with Local Rule 56.1(B)(2)(a)(2) are statements 2, 4, 11, 15. 31-39, 42, 43, 46, 48 and 49.

Of the responses not expressly admitted by Defendant, most of the remainder are deemed admitted by the lack of a substantive denial. Plaintiffs' Statement of Fact 11, for example, read as follows:

> 11. Defendant did not produce documentation or tangible evidence as to the use of the Defendant's domain name in connection with the actual rendering of tax and accounting services before Plaintiffs' priority date in its initial responses to Plaintiffs' Discovery Requests. (citations omitted)

Defendant's Response to Statement No. 11 read as follows:

> **Response:** The defendant objects to this statement as a legal conclusion and denies the statement, which is refuted by the information contained in those documents provided by the defendant.

Plaintiff's Statement of Fact 11 is not a "legal conclusion." It is an objective factual statement as to the content of the documents produced by Defendant. Defendant's response fails to "directly refute[] the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number)." As such, this statement of fact is deemed admitted.

Plaintiffs' Statement of Fact No. 43 read as follows:

> 43. Defendant's production of March 12, 2026, does not provide any documentation to show commercial use by Defendant between the years 2012 and 2015. See Emanuelson Decl., ¶ 14.

Defendant's response to Statement of Fact No. 43 read as follows:

> **Response:** This statement is denied as being argumentative and containing the opinion or conclusion of the plaintiffs' attorney. Further, commercial use of the paramount name and URL is established by the defendant's deposition testimony and other exhibits to the defendant's response, as discussed in the Declaration of William R. Carlisle.

As above, this statement is not mere opinion or argument. This is a statement of objective fact regarding the contents of the document production by Defendant. Yet again, Defendant's response fails to "directly refute[] the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number)" and is appropriately deemed admitted.

Most of Defendant's remaining responses similarly fail to set forth the required showing under Local Rule 56.1(B)(2)(a)(2), and Plaintiffs' corresponding statements of fact are properly deemed as admitted.

## III. Defendant's Statement of Material Facts was Not Compliant with the Local Rules

Under Local Rule 56.1(B)(2)(b), a respondent to a motion for summary judgement is to include with its response "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial." Further, "[s]uch separate statement of material facts must meet the requirements of LR 56.1(B)(1)", that is, "[e]ach material fact must be numbered separately and supported by a citation to evidence proving such fact." Defendant did not comply with these rules in its response, rendering Plaintiff's reply thereto somewhat challenging. Plaintiffs have endeavored to appropriately respond in a manner consistent with the spirit and scope of the Local Rules by assigning numbers to

Defendant's allegations. Plaintiffs' numbered version of Defendant's Statement of Facts is attached hereto as Exhibit 1, along with Plaintiffs' responses thereto.

## IV. Defendant Has Failed to Respond to Plaintiffs' Legal Arguments

In its Memorandum of Law in support of its Motion for Partial Summary Judgement on Prior Common Law Use (Dkt. 47-1), Plaintiffs set forth the following principal arguments:

1. Defendant Bears the Burden on Each Required Element of the Prior Use Defense.[7]
2. Corporate Formation Alone Does Not Constitute Use in Commerce Under the Lanham Act.[8]
3. Domain Registration Alone Does Not Constitute "Use in Commerce" Under the Lanham Act.[9]
4. Defendant's production contains no evidence of commercial use between 2012 and 2015.[10]
5. Defendant cannot establish the geographic range of its commercial use prior to 2015.[11]

As set forth below, Defendant has not responded to any of these arguments.

---

[7] *See* Plaintiff's Memorandum of Law, Dkt. 47-1, p. 9.
[8] *See* Dkt. 47-1, p. 10.
[9] *See* Dkt. 47-1, p. 11.
[10] *See* Dkt. 47-1, p. 15.
[11] *See* Dkt. 47-1, p. 15.

### A. Defendant Has Not Disputed that it Bears the Burden of Proof on Every Element of the Prior Use Defense

Plaintiffs explained in detail in their Brief that Defendant must carry its burden of proof on each and every element of the prior common law use defense. Section 33(b)(5) of the Lanham Act provides a defense of prior use only where a defendant can establish:

(1) use of the mark in commerce prior to the registrant's priority date;

(2) continuous use from that date forward; and

(3) the specific geographic area in which that use occurred.[12]

Defendant has presented no argument to the contrary, and this point is conceded.

### B. Defendant Has Not Disputed that Corporate Formation Does Not Constitute Use in Commerce Under the Lanham Act

As set forth in Plaintiff's Brief, corporate formation alone does not constitute "use in commerce" under the Lanham Act. Defendant has not disputed this point, which is therefore conceded by Defendant.

### C. Defendant Has Not Disputed that Domain Registration Alone Does Not Constitute "Use in Commerce" Under the Lanham Act

As set forth in Plaintiff's Brief, domain registration alone does not constitute "use in commerce" under the Lanham Act. Defendant has not disputed this point, which is therefore conceded by Defendant.

---

[12] *See* 15 U.S.C. § 1115(b)(5).

### D. Defendant Concedes that it Can Present No Documentation of Commercial Use or Activity between at least 2012 and 2015

Plaintiff has shown that Defendant has expressly admitted that it has no documentation of commercial activity between 2012 and 2015. Defendant has not disputed this point, which is therefore conceded by Defendant.

### E. Defendant Concedes that it Can Present No Documentation of any Geographic Scope of Use Prior to 2015

Plaintiff has shown that Defendant has expressly admitted that it has no documentation of the geographic scope of its usage prior to 2015. Defendant has not disputed this point, which is therefore conceded by Defendant.

## V. Defendant's Arguments in Support of Prior Common Law Use Are Not Material to the Analysis

Defendant presents three arguments in support of its claim of prior common law use:

1. Defendant adopted the "PARAMOUNT" mark in 2008.[13]
2. Defendant used the "PARAMOUNT" mark in commerce in 2008 and 2009.[14]
3. Defendant has produced a database of client addresses.[15]

For the reasons forth below, Defendant's arguments are not responsive to Plaintiffs' Motion.

---

[13] *See* Dkt. #54, p. 38.

[14] *See* Dkt. #54, p. 39.

[15] *See* Dkt. #54, p. 40.

### A. Plaintiffs Do Not Dispute that Defendant Adopted the "PARAMOUNT" Mark in 2008

Defendant spends a significant portion of its Response presenting evidence that it adopted the name "PARAMOUNT" in 2008 by filing corporate paperwork and purchasing a domain name. This is not responsive to Plaintiffs' Motion because Plaintiffs do not dispute that Defendant adopted the name "PARAMOUNT" in 2008, that it filed corporate paperwork in 2008 or that it purchased a domain name in 2008. This evidence was included in Plaintiffs' own evidence and is not in dispute. Adoption of a mark is one of the three elements on which Defendant bears the burden of proof. Plaintiffs' Motion is directed to the absence of evidence on the second and third elements of the defense.

### B. Evidence of Usage in 2008 and 2009 Does Not Prove Continuous Usage from 2008-2015

In support of its claim of usage of the mark in commerce, Defendant has produced evidence that it was held in contempt of court in April of 2009 for willfully violating a January 2009 court order prohibiting it from providing tax and accounting services to clients of H&R Block.[16]

There are at least two problems with this argument. First, there is no indication of how many, if any, of these clients were brought in to do business via any public advertising or promotion by Defendant under the "PARAMOUNT"

[16] *See* Defendant's Response, p. 30; Def. Exhibit 6.

mark. The record appears to reflect that these clients were brought in via direct personal connections with former H&R Block employees, not public advertising and promotion.

Second, while Defendant has presented evidence that it violated the court's order from January through April of 2009, Defendant presents no evidence that it continued to violate the court's order after April 2009. Defendant has provided no evidence that it was subject to additional findings of willful violation after April of 2009, thus giving rise to a reasonable inference that Defendant complied with the order and ceased providing the referenced services after April of 2009.

### C. Defendant's Newly-Produced Evidence of Domain Accessibility is Inadmissible and Does Not Prove Use in Commerce

In response to this motion, Defendant has produced certain new exhibits, including a new exhibit comprising a printout from the website at internetarchive.org. To the extent that the newly-produced exhibit may be considered relevant to the present case, this document would have been directly responsive to Plaintiffs' Request for Production Nos. 4 and 9 and Interrogatory Nos. 4 and 9 served on Defendant on May 22, 2025,[17] and to later discovery requests. Despite having an entire year to produce this, and being directed by the Court to produce all responsive documents by March 12 of this year, Defendant

---

[17] *See* Exs. 1 and 2 to Plaintiffs' Motion to Extend Discovery, Dkt. #35-1, pp. 7-8 and Dkt. #35-2 at 10-11.

withheld this documentation from production until it filed its Response. Further, this evidence is not properly-authenticated and Plaintiffs have not had an opportunity to verify its veracity. This last-minute introduction of evidence by Defendant is improper, and the Court should not consider it.

Even if the Court were to consider this new evidence, this evidence does not establish "use in commerce." The evidence presented shows only that the domain name existed and could be accessed via internetarchive.org. Defendant has made no showing as to the contents of its website at any point in time, or how the contents at a particular point in time might form a basis for a showing of "use in commerce" under the Lanham Act.

Even with the benefit of its newly-produced and inadmissible evidence, Defendant cannot present evidence of continuous usage of the mark in commerce from 2008-2015 sufficient to persuade a reasonable jury that it is entitled to a defense of fair use.

**D. Defendant's Newly-Produced Annotated County Map is Inadmissible and Does Not Prove Geographic Scope of Use**

In connection with the geographic scope of Defendant's alleged continuous usage from 2008-2015, Defendant attempts to introduce additional evidence not produced by Defendant previously. Defendant's Exhibit 18 would have been directly responsive to Plaintiffs' Requests for Production nos. 5 and 10, served on

Defendant on May 22, 2025.[18] As with the evidence addressed above in the prior section, Defendant withheld this document from production until the filing of its Response to the present Motion.

This evidence is not properly-authenticated and Plaintiffs have not had an opportunity to investigate its origin or veracity. As above, this last-minute introduction of evidence by Defendant is improper, and the Court should not consider it.

Even if the Court were to consider this newly-introduced evidence, it is unavailing to Defendant's case. This annotated county map appears to be based, at least in part, on the street address data produced by Defendant, but there is no evidence this data reflects alleged clients from the 2008 to 2015 time frame.

Defendant has presented no evidence that any of the addresses in its list are addresses of clients who have actually received tax and accounting services from Defendant—and if so, which ones. Most importantly, Defendant has presented no evidence that any of the addresses in its present contact list were customers of Defendant in the 2008-2015 time frame that is relevant to the present motion. Chris Hardy has testified that Defendant does not have such information:

---

[18] *See* Exs. 1 and 2 to Plaintiffs' Motion to Extend Discovery, Dkt. #35-1, pp. 7-8 and Dkt. #35-2 at 10-11.

Q. Okay. And to confirm, your testimony is that Defendant has no documents in its possession that would reveal the addresses of its client base as of September of 2015?
A. No. I do not have that.

Pl. Ex. 15, Excerpt of Transcript of November 3, 2025 Deposition of Chris Hardy at 117:8-117:12.

After testifying that Defendant does not possess records of its client base as of 2015, Defendant now presents its *current* address list to the Court as if it were Defendant's client base in 2015. Defendant's current address list is not relevant to the present motion. The prior use inquiry is directed to the 2008-2015 time frame. It is clear that Defendant cannot present evidence sufficient to persuade a reasonable jury as to any discernable geographic boundaries of continuous usage from 2008-2015. This is fatal to Defendant's claim of prior use.

**CONCLUSION**

Because Defendant cannot carry its burden on at least two elements of its affirmative defense of prior common law use, Plaintiffs are entitled to partial summary judgment declaring that Defendant possesses no rights that pre-date or limit Plaintiffs' federal trademark registrations.

Date: June 29, 2026.

Respectfully submitted,

/s/ *Kenneth Thomas Emanuelson*
Admitted *Pro Hac Vice*
Texas Bar No. 24012591

**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
469-363-5808
Ken@Emanuelson.us

*/s/ Zahra S. Karinshak*
Karinshak@khlawfirm.com
Georgia Bar No. 407911
**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)

Steven E. Ross
Admitted *Pro Hac Vice*
Texas Bar No. 17305500
**MAXUS LEGAL PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Phone: 972-661-9400
Facsimile: 972-661-9401
sross@maxuslegal.com

**Attorneys for Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel for Plaintiffs hereby certifies that this filing was prepared using Times New Roman 14-point font, a font and point selection approved by the Court in Local Rule 5.1(B).

Date: June 29, 2026.

/s/ *Kenneth Thomas Emanuelson*
Ken@Emanuelson.us
Admitted *Pro Hac Vice*
Texas Bar No. 24012591

## CERTIFICATE OF SERVICE

I certify that I have on this day caused to be electronically submitted the foregoing Reply Brief to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to all counsel of record.

Date: June 29, 2026.

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591