**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PARAMOUNT TAX & ACCOUNTING CPAS, PC and PARAMOUNT TAX & ACCOUNTING CPAS, PLLC, | |
| *Plaintiffs*, | Civil Action No. 1:24-CV-1014-MHC |
| v. | |
| PARAMOUNT TAX AND ACCOUNTING, LLC, | TRIAL BY JURY DEMANDED |
| *Defendant*. | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR OUT OF TIME EXTENSION TO FILE MOTION FOR SUMMARY <u>JUDGMENT</u>**

Plaintiffs Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC (collectively "Paramount") respectfully submit this response in opposition to Defendant's Motion for Out of Time Extension to File Motion for Summary Judgment ("Motion") filed July 6, 2026 (Dkt. #59).

Defendant seeks relief from this Court under Fed. R. Civ. P. 6(b)(1)(B). In order to show entitlement to relief under Rule 6(b)(1)(B), a movant must establish the existence of both "good cause" for the requested extension and "excusable neglect" for the missed deadline. Rule 6(b)(1)(B) places the burden squarely upon

Defendant to establish both of these elements. Defendant has established neither element. In fact, Defendant's Motion establishes, by its own terms, the lack thereof.

In regard to the "good cause" element, Defendant presents no evidence that the applicable deadline could not have been met through the exercise of reasonable diligence by Defendant. Defendant does not allege that any newly-discovered evidence or other unforeseen circumstance has necessitated a delay. To the contrary, Defendant readily admits that the evidence upon which Defendant relies has been known to both parties since before the filing of this litigation. This fact establishes that there was no impediment to Defendant filing its Motion earlier.

In regard to "excusable neglect," Defendant argues that counsel for Defendant made a mistake of law as to whether the deadlines for this federal case are governed by the Local Rules of this Court or the state laws of Georgia. The applicable precedents of the Eleventh Circuit are clear that a mistake of law by counsel does not constitute "excusable neglect" justifying an extension of time.

As Defendant has presented neither a showing of "good cause" nor of "excusable neglect," Defendant's Motion should be denied.

## I. Relief Under Rule 6(b)(1)(B) Requires a Showing of Both "Good Cause" and "Excusable Neglect"

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure reads as follows:

> (1) *In General*. When an act may or must be done within a specified time, the court may, ***for good cause***, extend the time: …
>
> (B) on motion made after the time has expired ***if the party failed to act because of excusable neglect***.

(emphasis added). Thus, according to its express terms, Rule 6(b)(1)(B) requires a showing both of "good cause" and "excusable neglect." As explained in detail below, neither element is present here.

## II. Defendant's Own Filing Establishes the Absence of "Good Cause"

### A. Within the Eleventh Circuit, a showing of "good cause" requires a showing that the applicable deadline could not have been met despite reasonable diligence

The undersigned counsel has not identified a published decision of this Circuit defining the scope of "good cause" specifically within the context of Rule 6(b)(1)(b), but this Circuit has repeatedly held in the analogous context of Rule 16 that "good cause" exists only where the applicable deadline could not be met despite the moving party's diligence. *See, e.g., Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008); *S. Grouts & Mortars, Inc.* v. 3M Co., 575 F.3d 1235 (11th Cir. 2009). Under this line of cases, the touchstone of the "good cause" inquiry is the movant's diligence.

Where a party has exercised reasonable diligence, but is unable to comply with a deadline due to circumstances beyond its control, an extension of time is often justified. Under the established precedents of this Circuit, however, "good

cause" exists only where the movant demonstrates that the deadline could not have been met despite its exercise of diligence. Thus, a party seeking an extension of time must show that the missed deadline could not have been met despite the exercise of reasonable diligence.

Thus, in this Circuit, the "good cause" standard generally precludes modification of deadlines unless there is some reason the schedule cannot be met "despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241, fn. 3 (11th Cir. 2009) ("good cause standard precludes modification unless the schedule cannot be 'met despite the diligence of the party seeking the extension'"); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("[G]ood cause standard 'precludes modification [] unless the schedule could not be met despite the diligence of the party seeking the extension.")

Accordingly, it is clear that a movant seeking to show "good cause" must show the Court that the relevant deadline could not have been met despite the exercise of reasonable diligence by the movant.

**B. Defendant's Own Motion Demonstrates that the June 1 Deadline Could Have Been Met**

The extended close of discovery in this case fell on May 2, 2026.[1] Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 of this Court, motions for summary judgment were due within 30 days of that date—i.e., no later than June 1, 2026. Defendant filed its Motion for Summary Judgment (Docket #57) on June 26, 2026, nearly a month after the deadline.

Defendant's motion identifies no circumstance establishing or suggesting that Defendant could not have met the June 1 deadline through the exercise of reasonable diligence. To the contrary, Defendant expressly and unequivocally admits that the evidence supporting its motion had long been available to both parties in this litigation.[2]

The facts set forth by Defendant negate, rather than establish, the reasonable diligence required to show "good cause." In theory, Defendant could have filed its Motion at any time from the early stages of the present litigation up to the deadline provided in Local Rule 56.1. Accordingly, there is no basis for a finding of "good cause" in the present case, and Defendant's Motion should be denied for this reason alone.

---

[1] Defendant asserts in its Motion that discovery closed on June 2, 2026. *See* Dkt. #59 at 2. This is incorrect. *See* Court's Order on Extension of Discovery dated March 3, 2026 (Docket #44). This error is one more example of Defendant's overall lack of attention to the applicable rules and deadlines in this case.

[2] *See* Defendant's Motion for Extension (Dkt. #59), pp. 3-5.

## III. Defendant's Own Filing Establishes the Absence of "Excusable Neglect"

### A. Counsel's Misunderstanding of Procedural Law Does Not Constitute "Excusable Neglect" in the Eleventh Circuit

The Eleventh Circuit has consistently distinguished between mistakes of fact and mistakes of law when evaluating claims of "excusable neglect." While clerical errors, miscommunications, and similar factual mistakes may, in appropriate circumstances, be seen as justifying relief, it is well-established that "an attorney's failure to understand clear law cannot constitute excusable neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) ("counsel's misunderstanding of the law cannot constitute excusable neglect."); *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012); ("an attorney's failure to understand or review clear law cannot, as a categorical matter, constitute excusable neglect….") In *Advanced Estimating*, the Court explained this rule as follows:

> This appeal requires us to determine whether a lawyer's misunderstanding of unambiguous procedural rules can constitute "excusable neglect" under the standard set out by the Supreme Court in *Pioneer*.... Guided by the decision in *Pioneer* and decisions in this circuit, we hold that, as a matter of law, the lawyer's failure to understand clear law cannot constitute excusable neglect.

*Advanced Estimating*, 130 F.3d at 997. The Court went on to explain:

> Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline.

*Id.* at 998. Of particular relevance to the facts of the present case, the Court addressed the situation wherein counsel fails to review the relevant rules:

> This case . . . is a mistake-of-law case; the reason for Riney's failure to file timely . . . was an apparent failure to review or to appreciate the relevant rules. . . . The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse. Accordingly, Riney's counsel's misunderstanding of the law cannot constitute excusable neglect.

*Id.* at 999. Accordingly, the law in this Circuit is clear. A mistake of law by movant's counsel does not constitute "excusable neglect."

**B. The Delay in this Defendant's Filing Arose Entirely from Counsel's Misunderstanding of Clear Procedural Law**

The Federal Rules of Civil Procedure and the Local Rules of this Court are simple and straightforward in regard to the timing of the filing of a motion for summary judgment. Fed. R. Civ. P. 56 (b) provides as follows:

> Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

Local Rule 56.1 (D) of this Court aligns to the same deadline:

> **Time.** Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the Court, not later than thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the Court, indicating that discovery was completed earlier.

Thus, both the background federal rule and the applicable local rule provide for the same 30-day deadline. The extended deadline for close of discovery in this case

fell on May 2, 2026. Thus, the deadline for filing of motions for summary judgment fell on June 1, 2026. The rules providing for this deadline are simple and straightforward, and Defendant does not assert otherwise. Defendant's counsel readily admits that it operated according to the rules applicable to Georgia state court procedure, rather than the rules of this Court. This is clearly a mistake of law, and does not form a basis for a finding of "excusable neglect" under the precedents of the Eleventh Circuit. For this reason alone, Defendant's Motion should be denied.

## CONCLUSION

As set forth above, a movant seeking an extension of time under Fed. R. Civ. P. 6(b)(1)(B) has a burden to show both "good cause" for the requested extension and "excusable neglect" in regard to the missed deadline. Defendant has shown neither in its Motion, and the facts presented therein negate both findings. Accordingly, Plaintiffs respectfully request that the Court:

1. Deny Defendant's Rule 6(b)(1)(B) motion;
2. Decline to consider Defendant's untimely Motion for Summary Judgment; and
3. Deny the Defendant's Motion for Summary Judgment as untimely.

[signature on following page]

Date: July 13, 2026.

Respectfully submitted,

/s/ *Kenneth Thomas Emanuelson*
Kenneth Thomas Emanuelson
Admitted *Pro Hac Vice*
Texas Bar No. 24012591
**THE EMANUELSON FIRM, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
469-363-5808
Ken@Emanuelson.us

Zahra S. Karinshak
Karinshak@khlawfirm.com
Georgia Bar No. 407911
**KREVOLIN & HORST, LLC**
1201 W. Peachtree Street, N.W.
Suite 3250, One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577 (facsimile)

**Attorneys for Paramount Tax & Accounting CPAs, PC and Paramount Tax & Accounting CPAs, PLLC**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel for Plaintiffs hereby certifies that this filing was prepared using Times New Roman 14-point font, a font and point selection approved by the Court in Local Rule 5.1(B).

Date: July 13, 2026.

/s/ *Kenneth Thomas Emanuelson*
Ken@Emanuelson.us
Admitted *Pro Hac Vice*
Texas Bar No. 24012591

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically submitted the foregoing Memorandum of Law to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to all counsel of record.

Date: July 13, 2026.

/s/ Kenneth Thomas Emanuelson
*Admitted Pro Hac Vice*
Ken@Emanuelson.us
Texas Bar No. 24012591