**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PARAMOUNT TAX &** | ) | |
| **ACCOUNTING CPAS, PLLC,** | ) | |
| **PLAINTIFF** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:24-CV-1014** |
| **-versus-** | ) | |
| | ) | |
| **PARAMOUNT TAX AND** | ) | |
| **ACCOUNTING, LLC,** | ) | |
| **DEFENDANT.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR OUT OF TIME EXTENSION TO FILE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF**

**COMES NOW** the defendant in the above styled action, **Paramount Tax and Accounting, LLC**, by and through its undersigned attorney, who replies as follows:

## I.
## "Good Cause" and "Excusable Neglect" Under F.R.Civ.P. RULE 6(b)(1)(B)

The Court has broad discretion when deciding motions filed under F.R.Civ.P Rule 6(b)(1)(B), which allows for an extension of filing deadlines "*for good cause*" and on a showing of "*excusable neglect.*" The term "*good cause*" has been loosely defined as "*a good reason for the district court to do so.*" See African Methodist Episcopal Church v. Ward, 185 F.3d 1201 (11th Cir. 1999), 1202. Determining whether a late filing is due to "*excusable neglect*" is also discretionary and

dependent on the facts and issues presented in each case. In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993), the U.S. Supreme Court noted that, "*Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.*" Pioneer also holds that *"'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."* See id. To guide the courts' exercise of discretion on motions to allow late filings, Pioneer offers factors that *"(t)he Court may consider."* These factors include, *"(1) whether the opposing party was prejudiced by the delay; (2) the length of the delay and its impact on the case; (3) the reason for the delay including whether the delaying party showed good faith; and (4) whether the delay was within the reasonable control of the delaying party."* See id.

## A.
## The Plaintiff is Not Prejudiced by Defendant's Filing

### 1.
### Plaintiffs' Motion for Partial Summary Judgment on "Prior Use" Involves Evidence of Defendant's "Common Law" Rights in Georgia and the 2023 Memorandum of Understanding ("MOU") (Doc. 54-19) Drafted by Plaintiffs

The plaintiffs filed motions for partial summary judgment against the defendant on 05/27/2026 (Doc. 47) and 05/28/2026 (Doc. 50). The plaintiffs'

motion for partial summary judgment filed on 05/27/2026 (Doc. 47) argued that the "*Defendant has not produced evidence upon which a reasonable jury could find that Defendant can meet its burden of proof on any element of the defense of prior common law use.*"[1] The defendant filed its response to the motions on 06/15/2026, with exhibits and citations to the record establishing its prior commercial use of the Paramount name and the url at paramounttax.com since 2008 (Doc. 54). Evidence offered in support of the defendant's "common law" rights, under Georgia law at OCGA § 10-1-452, included a "memorandum of understanding" ("MOU") drafted by or on behalf of the plaintiffs (Doc. 54-19). The MOU was attached as Exhibit 1 to the defendant's Answer and Counterclaim (Doc. 10-1), and was included in the documents produced in response to the plaintiffs' discovery requests.

## 2.
## The MOU Acknowledges Defendant's "Common Law" Rights as Defendant's Property and Expressly Disclaims Defendant's Liability

The MOU was drafted as a written summary of the parties' negotiations for the plaintiff's purchase of the defendant's "*local 'Paramount Tax and Accounting' trademark and domain (collectively 'Trademark') owned and in use by PGA.*" (Doc. 54-19). Having expressly acknowledged the defendant's rights in the "*local 'Paramount Tax and Accounting' trademark and domain,*" the MOU further provides that if their negotiations terminate without a binding agreement, the

[1] *See Doc. 47-1, page 2.*

parties' failure to reach an agreement would leave them "*without any liability whatsoever.*" (Doc. 54-19). In their reply brief (Doc. 58), the plaintiffs did not dispute the authenticity of the MOU or allege any ambiguity in its meaning. Further, in their Answer to the defendant's counterclaim (Doc. 15), the plaintiffs' admitted the defendant's allegation at paragraph 20, that "*(t)he plaintiff submitted a 'Memo of Understanding/Terms Sheet' that acknowledged the defendant's establishment of common law trademark rights and offered to purchase the 'Trademark of PMT Tax and Accounting, LLC at $250,000.00 cash and 500,000 MU.*"

**3.**
**No New Evidence is Presented in Defendant's Motion for Summary Judgment**

The defendant included the MOU in the exhibits to its response to the plaintiffs' motions, but the document and the plaintiffs' acknowledgement of the defendant's rights and prior purchase offer has been a matter of record since 04/17/2024. See Doc. 15, page 7, paragraph 20. In addition to the judicial admission that the plaintiffs MOU "*acknowledged the defendant's establishment of common law trademark rights[,]*" the plaintiffs' Answer fails to assert any defense or claim of privilege on the basis that the MOU and the parties' purchase negotiations involved the compromise of a disputed claim under F.R.E. Rule 408. The fact that the parties understood their negotiations as an "at arms length" business transaction is further supported by the inclusion of language expressly

disclaiming "*any liability, whatsoever,*" in the event that the negotiations failed to result in a binding agreement. Yet, the plaintiffs made no effort to address their prior admission, or to refute the meaning of the MOU, giving all words and terms their ordinary meaning.

## 4.
## The Plaintiffs' Failure to Address the MOU or the Judicial Admission in the 04/17/2024 Answer to Defendant's Counterclaim Does Not Exclude Them From Review or Consideration by the Court

The plaintiffs' response opposes the defendant's request for an out of time extension to file its motion for summary judgment. However, the plaintiffs have always been aware of the MOU as it was drafted by or on behalf of the plaintiffs. The plaintiffs have been aware of the defendant's reliance on the MOU since the filing of the defendant's Answer and Counterclaim on 03/27/2024 (Doc. 10). The MOU was described and identified in the defendant's counterclaim at paragraph 20 (Doc.10), attached as Exhibit 1 to the defendant's Answer and Counterclaim (Doc. 10-1), attached as Exhibit 19 to the defendant's response to plaintiffs' motions for summary judgment, produced in discovery responses by the defendant, and discussed in the depositions of Chris Hardy and the defendant. Nevertheless, the plaintiffs have chosen to ignore its prior admissions regarding the document, as well as its content, meaning and legal effect. There is no issue raised by the defendant's motion for summary judgment that was not already before this Court, or that the plaintiffs' have not previously had the opportunity to address.

**5.**
**Allowing the Defendant's Filing Provides the Plaintiffs Another Opportunity to be Heard on Issues They Have Not Addressed, But Which Are Already Before the Court**

a.

The defendant did not file its seven (7) page motion for summary judgment to introduce new evidence, but to highlight dispositive issues and evidence that are already before the court in a formal motion under F.R.Civ.P. Rule 56. The plaintiffs' motion for partial summary judgment (Doc. 47) denies and ignores the existence and sufficiency of evidence produced by the defendant, and appearing in the record, including the MOU. Having previously admitted in their pleading that the MOU (Doc. 10-1), "*acknowledged the defendant's establishment of common law trademark rights[,]"* along with plaintiffs' assessment of the value of those rights as the defendant's property, the plaintiffs' motion fails to address the MOU. If the defendant's filing is allowed, the plaintiffs will have yet another opportunity to address these issues.

**6.**
**Award of Summary Judgment for Defendant Authorized Under F.R.Civ.P. Rule 56(f) Regardless of Whether Late Filing is Allowed**

Regardless of whether the defendant's filing is allowed, the evidence and issues underlying the defendant's motion for summary judgment are already in the record and before the Court. Despite the plaintiffs' failure to address the MOU and other evidence of defendant's "common law rights" and prior commercial use of

the "Paramount" marks, the plaintiff has received *"reasonable notice that the sufficiency of his or her claim will be in issue."* See Ervco, Inc. v. Texaco Refining and Marketing, Inc., 422 F.Supp.2d 1084 (D. Ariz. 2006), 1087. Pursuant to F.R.Civ.P. Rule 56(f), where the evidence allows, *"the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party;or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."*

**7.**
**The MOU and Plaintiffs' Prior Judicial Admission Establish Plaintiffs' Acknowledgment of Defendant's "Common Law" Rights and the Disclaimer Defendant's Liability in this Action**

The defendant's assertion of "common law rights" under GA law and its prior commercial use of the "Paramount" marks are raised in the pleadings, motions, and responses filed by the parties in this action. The unqualified disclaimer of liability in the MOU is not explicitly raised in the parties' prior filings, but is shown from the face of the MOU, which has been acknowledged and admitted by the plaintiffs. This situation authorizes the entry of summary judgment in favor of the defendant, as movant or nonmovant. See Ervco, Inc. v. Texaco Refining and Marketing, Inc., 422 F.Supp.2d 1084 (D. Ariz. 2006), 1087, holding that, "*(a)t issue is whether the Court may grant summary judgment based on an issua sponte that was evident from the record but not explicitly raised in the moving papers. Regardless, sua sponte entry of summary judgment, is proper if*

*'there is no genuine dispute respecting a material fact essential to the proof of movant's case.'*" For all reasons stated above, the plaintiffs are not prejudiced by the late filing of defendant's motion for summary judgment.

**B.**
**The Length of the Delay and its Impact on the Case**

Another factor considered in the Pioneer case involves the length of the delay in filing and any impact it has on the case. In this case, the deadline for filing motions for summary judgment expired thirty (30) days from the close of discovery. Discovery closed on 05/02/2026, making 06/01/2026 the last day to file the motion. The defendant's motion was filed 06/26/2026, three (3) days prior to the completion of briefing on the plaintiffs' motions for summary judgment. The plaintiffs' motions remain pending as of this filing, and as stated above, the defendant's motion is seven pages in length, and addressed solely to evidence that is already before the Court.

**C.**
**The Reason for the Delay Including Whether the Delaying Party Showed Good Faith**

The primary reason the motion for summary judgment was filed on 06/26/2026, after the expiration of the filing deadline, is that the undersigned failed or neglected to read the text of F.R.Civ.P. 56 before filing the motion. As discussed in the defendant's motion for an extension of time, this neglect was due to the conflation of state and federal rules regarding the filing of a motion for summary

judgment. The undersigned asks the court to excuse this neglect and allow the late filing of his motion for summary judgment, for good cause, as argued above. While neglect is still neglect, the late filing resulted from the undersigned's false confidence in the mistaken belief that the filing was timely. The undersigned did not fail to consult the text of the federal rule because he didn't know or care about the filing deadline, but because he was under the false belief that he knew the deadline had not yet passed.

**D.**
**Whether the Delay Was Within the Reasonable Control of the Delaying Party**

As set out above, *"'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."* See Pioneer, supra, at 388. When considered under this holding, whether the delay was within the reasonable control of the delaying party is dependent on the facts and circumstances of each case. This factor also presents an esoteric standard that, standing alone, would provide little guidance. If read critically or strictly, all delays caused by the delaying party's neglect, excusable or not, are arguably within the "reasonable control" of the delaying party. However, accepting the defendant's statement that the late filing was based on the conflation of state and federal rules regarding the deadline for filing the motion for summary judgment, the delay would not be within the

defendant's reasonable control, as the motion was filed in the absence of knowledge that the deadline had already expired.

## II.
## CONCLUSION

As shown from the argument and authority above, the authority to allow the late filing of the defendant's motion for summary judgment is a matter that rests within the discretion of the Court. If the filing is allowed, the plaintiff will have an opportunity to present evidence and argument on potentially dispositive issues that are already in the record and have been previously raised in the parties' pleadings. If the filing is not allowed, the issues presented in the defendant's motion may still be decided by the Court in the absence of defendant's motion, under F.R.Civ.P. 56(f).

**WHEREFORE**, the defendant requests that the motion for extension of time be granted.

---

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the within and foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR OUT OF TIME EXTENSION TO FILE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF,** has been prepared in compliance with Local Rule 5.1(B) in Times New Roman, 14-point font.

---

Date: 07/14/2026

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
GA Bar No.: 110382

**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically submitted the foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR OUT OF TIME EXTENSION TO FILE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF,** to the Clerk of Court using the Court's e-filing system, which will automatically send electronic mail notification of such filing to the following counsel of record:

***Ken Emanuelson, at: ken@emanuelson.us***
***Steven E. Ross, at: sross@maxuslegal.com***
***Zahra S. Karinshak, at: karinshak@khlawfirm.com.***

Date: 07/14/2026

Respectfully submitted,
*/s/ William R. Carlisle*
William R. Carlisle
Attorney for Plaintiff
GA Bar No.: 110382

**CARLISLE LAW FIRM**
4607 Cardinal Ridge Way
Flowery Branch, GA 30542
(770) 295-0175
wrclaw@gmail.com