**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PARAMOUNT TAX & ACCOUNTING CPAS, PC, and PARAMOUNT TAX & ACCOUNTING CPAS, PLLC,** | |
| **Plaintiff,** | **CIVIL ACTION FILE** |
| **v.** | **NO. 1:24-CV-1014-MHC** |
| **PARAMOUNT TAX AND ACCOUNTING, LLC,** | |
| **Defendant.** | |

# ORDER

This is an action for trademark infringement and unfair competition. Discovery in this case ended on May 2, 2026 [Doc. 44], which meant that summary judgment motions were due to be filed no later than thirty (30) days after the close of discovery, or on June 1, 2026. See FED. R. CIV. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); LR 56.1(D), NDGa. ("Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the court, not later than thirty (30) days after the close of discovery[.]" On May 27, 2026, prior to the expiration

of the time for filing dispositive motions, Plaintiffs filed a Motion for Partial Summary Judgment on Defendant's Prior Use Defense [Doc. 47] and on May 28, 2026, filed a separate Motion for Partial Summary Judgment on their claim of trademark infringement [Doc. 50].

On June 26, 2026, twenty-five days after the deadline for filing motions for summary judgment and without seeking permission to do so, Defendant filed an eight-page document entitled, "Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, Motion for Summary Judgment & Memorandum of Law in Support of Motion for Summary Judgment" [Doc. 57]. On July 6, 2026, ten days after filing its out-of-time motion without permission, Defendant filed a "Motion for Out of Time Extension to File Motion for Summary Judgment" because "[o]n 07/03/2026, the plaintiff notified the defendant of its objection to the motion for summary judgment as it was filed more than 30 days after the close of discovery[.]" Def.'s Mot. for Out of Time Extension ("Def.'s Mot.") [Doc. 59] at 1-2. Defendant's counsel contends that his failure to file his summary judgment motion timely was due to "excusable neglect" based on the fact that he "practices primarily in the Georgia state courts," most of his federal cases "have not involved summary judgment proceedings," and he mistakenly applied the period of time allowed for filing summary judgment motions under O.C.G.A.

§ 9-11-56(a). Id. at 5-6. In addition, Defendant contends that its motion relies upon a Memorandum of Understanding that has been placed in the record of the case. Id. at 3-4.

Plaintiffs oppose the out-of-time extension because Defendant has not shown good cause for the extension and its counsel's own "misunderstanding" of the rules of procedure in this Court does not constitute excusable neglect. Pl.'s Resp to Def.'s Mot. [Doc. 60] at 2-8. Defendant counsel's reply mostly focuses on the applicability of the Memorandum of Understanding to the issues in the case and asks this Court to "excuse [his] neglect" in "failing to read the text of F.R.Civ. P. 56 before filing the motion," with the only "good cause" offered being that counsel "did not fail to consult the text of the federal rule because he didn't know or care about the filing deadline, but because he was under the false belief that he knew the deadline had not yet passed." Def.'s Reply to Pl.'s Resp. to Def.'s Mot. [Doc. 63] at 2-9.

Rule 6(b) of the Federal Rules of Civil Procedure provides the prerequisites for extending time after the expiration of a time period:

**(b) Extending Time.**

> **(1)** ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6.

"The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Industries Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). Excusable neglect "is at bottom an equitable" concept that considers all relevant circumstances surrounding the omission. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Courts employ a four-factor test to determine the existence of excusable neglect: (1) the risk of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. However, the Eleventh Circuit has held "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." Advanced Estimating Sys., Inc. v. Riney, 130

F.3d 996, 999 (11th Cir. 1997); see also In re Rosenberg, 724 F. App'x 882, 884 (11th Cir. 2018) (holding it was not error for the court to fail to consider the Pioneer factors where "the Appellants made a legal error when they determined that the filing deadline for their Rule 50(b) motion was governed by the Federal Rules of Civil Procedure and not the Bankruptcy Rules. Under Riney, that error is insufficient to demonstrate excusable neglect.").

In this case, there was "no miscommunication, clerical error, or other administrative oversight" which could excuse the delay. Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198, 1201 (11th Cir. 1999). Defendant's counsel's only excuse for the failure to timely file Defendant's motion for summary judgment in accordance with Rule 56(b) and the local rules of this Court was "a misunderstanding of the plain language of a rule," which, as a matter of law, cannot constitute excusable neglect. Riney, 130 F.3d at 998; see also United States v. Davenport, 668 F.3d 1316, 1324 (11th Cir. 2012) ("[A]n attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect[.]"); Cordell v. Pac. Indem. Co., 335 F. App'x 956, 960 (11th Cir. 2009) ("[M]istakes concerning the various rules do not constitute excusable neglect.); Smith v. United Parcel Serv., Inc., No. CIV.A. 104CV3812-WBH, 2006 WL 3327072, at *1 (N.D. Ga. July 10, 2006) ("[I]nadvertence in

calculating the response time and a solo practitioner's busy schedule fail to constitute excusable neglect."). If the misunderstanding of a rule was sufficient, "almost every [ ] lawyer would plead his own inability to understand the law when he fails to comply with a deadline." Riney, 130 F.3d at 998.

Consequently, it is hereby **ORDERED** that Defendant's Motion for Out of Time Extension to File Motion for Summary Judgment [Doc. 59] is **DENIED**. The Clerk is **DIRECTED** to **STRIKE** Defendant's Motion for Summary Judgment [Doc. 59].

**IT IS SO ORDERED** this 28th day of July, 2026.

Mark H. Cohen
MARK H. COHEN
United States District Judge